UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REGGIE CASWELL,

           Plaintiff,

   -vs-

MICHAEL C. GREEN, Monroe County
D.A., NANCY A. GILLIGAN, A.D.A.,
JULIE M.
FINOCCHINO, A.D.A.,

           Defendants.

**DECISION AND ORDER**
**No. 1:10-CV-0166(MAT)**

---

**I.   Introduction**

Pro se plaintiff Reggie Caswell ("Caswell" or "Plaintiff"), an inmate at Clinton Correctional Facility, is incarcerated pursuant to a judgment of conviction against him entered on April 11, 2006. He instituted the present action pursuant to 42 U.S.C. § 1983 alleging that Defendants denied him due process on his state direct appeal by failing to provide him with copies of certain exhibits from his trial and sentencing proceeding. Presently before the Court is Defendants' Motion for Summary Judgment (Dkt #31), which Plaintiff has opposed (Dkt ##33, 34, 36, 37).

**II.  Background**

Caswell was convicted following a jury trial in on charges of Robbery in the Second Degree, Attempted Robbery in the Third Degree, and two counts of Burglary in the Second Degree. Caswell's conviction was upheld on direct appeal. People v. Caswell, 56

A.D.3d 1300 (4th Dept. 2008), lv. denied, 11 N.Y.3d 923 (N.Y.), recons. denied, 12 N.Y.3d 781 (N.Y.), cert. denied, 129 S. Ct. 2775 (2009). During Caswell's direct appeal, he made a motion for a subpoena duces tecum compelling the Monroe County District Attorney's Office to produce certain exhibits he wished to use for his appeal. That motion was denied. See People v. Caswell, Motion No. KA 06-01104 (4th Dept. Jan. 16, 2008), attached to Defendants' Discovery Response ("Defs' Resp.") (Dkt #24).

After his conviction was affirmed, Caswell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, asserting, inter alia, that his due process rights were violated on direct appeal because the prosecutor refused to provide him copies of the exhibits he sought in his subpoena duces tecum on direct appeal. This Court denied Caswell's request for a writ and dismissed the petition, finding unpersuasive his argument that he was denied a meaningful appeal since he received copies of all the exhibits he claimed to have been denied. See Caswell v. Racetti, No. 11-CV-0153(MAT), 2012 WL 1029457, at *16-17, *18 (W.D.N.Y. Mar. 26, 2012).

Caswell filed the instant complaint pursuant to 42 U.S.C. § 1983 on March 2, 2010, raising variations on the same argument contained in his habeas petition–namely, that Defendants deprived him of a constitutionally adequate appeal record by failing to

provide him with copies of trial exhibits #9 and #22, and sentencing exhibits ##4-7 ("the Exhibits").

On initial screening, this case was dismissed without prejudice on the basis that Caswell's claims were barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). The United States Court of Appeals for the Second Circuit disagreed, finding that Caswell's § 1983 action did not itself challenge any conduct that occurred at trial or at sentencing; instead, Caswell sought access to certain exhibits at his trial and sentencing for his use in future proceedings. The Second Circuit concluded that Caswell's § 1983 suit, "if successful, would not *necessarily* invalidate his conviction or sentence," and thus it was not barred by Heck. Caswell v. Green, No. 10-1259-cv, 424 F. App'x 44, 46 (2d Cir. 2011) (summary order) (emphasis in original). Accordingly, the matter was remanded to this Court for proceedings consistent with the Second Circuit's opinion.

On June 13, 2012, Defendants responded to Caswell's discovery demands by providing copies of Trial Exhibits #9 (Surveillance Videotape) and #22 (Surveillance Videotape), Sentencing Exhibits #4, #5, and #7, and the Persistent Violent Felony Offender Information dated March 28, 2006. See Defs' Resp., Exhibits C, D, E, F & G. Defendants explained that Sentencing Exhibit #6 was not provided because, upon information and belief, it was never received into evidence during Caswell's criminal proceeding and

therefore was not relevant to Plaintiff's current claims. See Defs' Resp. at 3, ¶ 3.

Defendants have now moved for summary judgment pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 56 arguing that Caswell's complaint has been rendered moot by their disclosure of the Exhibits during discovery. Plaintiff has opposed the motion, asserting in conclusory fashion that one of the exhibits, a videotape from a convenience store surveillance system, is incomplete.

The motion is now fully submitted and ready for decision. For the reasons discussed below, Defendants' Motion is granted, and Plaintiff's Complaint is dismissed with prejudice.

**III. Summary Judgment Standard**

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the initial burden of showing entitlement to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the movant meets its burden, the burden shifts to the non-movant to identify evidence in the record that creates a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**IV.  The Mootness Doctrine**

"Mootness is a doctrinal restriction stemming from the Article III requirement that federal courts decide only live cases or controversies[.]" In re Zarnel, 619 F.3d 156, 162 (2d Cir. 2010). Mootness deprives a court of subject matter jurisdiction over the action. Fox v. Board of Trustees of State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994) (citation omitted). Defects in subject matter jurisdiction are non-waivable and may be waived at any time during the proceedings by the parties or by the court sua sponte. Id. (citation omitted). A case becomes moot when "the parties lack a legally cognizable interest in the outcome" of the case. Id. (quotation omitted). In other words, "when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur[,]" a case is said to have become moot. Irish Lesbian and Gay Organization v. Guiliani, 143 F.3d 638, 647 (2d Cir. 1998) (citing, inter alia, County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

**V.  Discussion**

   **A.  Plaintiff's Requests for Injunctive Relief**

As his First Claim, Caswell alleges that Defendants "knowingly, willfully, wantonly, deprived [him] of a sufficient appeal record by repeatedly refusing to provide [him] with copies of their Trial Exhibits #9 and #22 [and] Surveillance Videotapes"

-5-

which resulted in his being "unable to demonstrate on direct appeal or collateral review, that [he] [is] Actually Innocent . . . ."

As his Second Claim, Caswell alleges that Defendants "knowingly, willfully, wantonly, deprived [him] of a sufficient appeal record by repeatedly refusing to provide [him] with a copy of Peoples Sentencing Hearing Exhibits #4-7" and thus he was unable to demonstrate on direct appeal or collateral review that his sentence is illegal as a matter of law.

To the extent that Caswell claims that he was denied a meaningful appeal, this assertion is without merit. As this Court stated in its Decision and Order dismissing Caswell's habeas petition, this claim lacks a factual basis. This Court explained,

> People's Exhibit #9 is the original liquor store surveillance videotape. When played on a normal VCR its, speed is substantially faster than real time. People's Exhibit #22 is a fair and accurate recording of the same images that appear in Exhibit #9, but it depicts those images in real time and may be played on a regular VCR. At trial, both exhibits were introduced into evidence, but only People's Exhibit #22 was played for the jury.
>
> Contrary to Petitioner's contention, he was provided, before trial, with both People's Exhibits #9 and #22. When Petitioner moved for a subpoena duces tecum from the Appellate Division directing production of those exhibits, the prosecution stated that they had "no objection to making an additional copy of each exhibit" if Petitioner provided a blank VHS tape suitable for copying. The prosecution further stated that they had no objection to providing the original exhibits to the Appellate Division. In light of this factual background, the Court finds that Petitioner's claim is spurious and must be dismissed.
>
> Petitioner also contends that he was denied a meaningful appeal because he was deprived of a copy of his

>   persistent violent felony statement and a copy of the prosecution's sentencing exhibits. These contentions are belied by the record. The prosecution served Petitioner with a copy of his persistent violent felony statement, Copies of the exhibits that the prosecution introduced into evidence at the sentencing hearing appear to be annexed to the appendix on appeal submitted by Petitioner to the Appellate Division.

Caswell v. Racetti, 2012 WL 1029457, at *18 (citations to record omitted).

Caswell's request for injunctive relief, in the form of production of the Exhibits is moot. During the pendency of this litigation, Defendants provided the Exhibits requested in his Complaint to him. See Defs' Resp. (Dkt #24) & Exhibits. The only requested Exhibit (#6) that Defendants did not produce was not introduced at Caswell's underlying criminal proceeding and therefore is not relevant to his constitutional claims. See Defs' Resp. at 3, ¶ 3. Because it is now impossible for this Court to grant any effective relief to Plaintiff, his First and Second Claims are moot. See Cook v. Colgate Univ., 992 F.2d 17, 19 (2d Cir. 1993) (noting that case is mooted "when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the [plaintiff's] injury") (quotation and citation omitted).

Moreover, this action arguably was moot at the time it was filed, based upon the fact that, as this Court found in its March 2012 Decision and Order, Caswell had been provided with the requested Exhibits prior to trial or on appeal.

Finally, the Court notes that Caswell has attempted to argue that this action is not moot because the surveillance videotape is purportedly incomplete. This speculative assertion is insufficient to defeat summary judgment in Defendants' favor. See, e.g., Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment."), cert. denied, 530 U.S. 1242 (2000).

**B.  Plaintiff's Request for a Declaratory Judgment**

As his Third Claim, Caswell requests a declaratory judgment stating the following:

> When a state provides for an appeal of a criminal conviction as a right ([N.Y. CRIM. PROC. LAW] § 450.10) and [the] State Appellate Court grants a defendant poor person status and request to proceed pro se, that said pro se appellant has a right to a sufficient appeal record in which all appealable issues can be demonstrated on direct appeal and collateral review . . . .

Complaint, p. 6(a) (Dkt #1) (citations to Plaintiff's direct appeal and constitutional amendments omitted). As noted above, this action has been rendered moot based upon Defendants' disclosure of the Exhibits to Plaintiff claims. No actual controversy remains between the parties under the Declaratory Judgment Act, 28 U.S.C. § 2201.

Federal district courts "have no jurisdiction to render declaratory judgments when the underlying questions are moot or otherwise nonjusticiable." Pancake v. McCarthy, 806 F. Supp. 378, 379 (E.D.N.Y. 1992); accord Scheiner v. ACT Inc., No. 10-CV-0096

(RRM)(RER), 2013 WL 685445, at *3 (E.D.N.Y. Feb. 24, 2013); see also Shariff v. Coombe, 655 F. Supp.2d 274, 297 n. 27 (S.D.N.Y. 2009) ("The Declaratory Judgment Act cannot resurrect substantive claims that are defeated by jurisdictional, exhaustion, mootness, or other defenses.") (citation omitted); Mallinckrodt v. Barnes, 272 A.D.2d 651, 652-53 (3d Dept. 2000) (denying plaintiff's request to amend complaint to request judgment declaring that her refusal to allow euthanasia of her horses is not in violation of Agriculture and Markets Law Article 26 because such conduct involves the free exercise of her religion, where initial relief sought by plaintiff was permanent injunction prohibiting defendants from euthanizing her injured horse, and horse died during pendency of case, thereby mooting the action).

In any event, Caswell's requested declaratory relief–that pro se defendants are entitled to a "sufficient" record on appeal–is unnecessary. Under New York State and Federal constitutional law, an indigent criminal defendant is entitled to a free copy of the transcript from his underlying criminal proceeding. See, e.g., People v. Gill, 40 Misc.3d 246, 247-48 (N.Y. Crim. Ct. 2013) (citations omitted).

## VI. Conclusion

For the reasons discussed above, Defendants' Motion For Summary Judgment (Dkt #31) is granted, and Plaintiff's Complaint

(Dkt #1) is dismissed with prejudice. The Clerk of the Court is requested to close this case.

**IT IS SO ORDERED.**

                                              S/Michael A. Telesca

                                  _____
                                  HONORABLE MICHAEL A. TELESCA
                                  United States District Judge

DATED:     August 6, 2013
            Rochester, New York